Dear Senator Uthlaut:
This letter is written in response to your request for an opinion concerning use of the highways by a certain vehicle. Specifically, you asked whether the vehicle, known as a "heavy-doo-dee brand bale transporter", is exempt from the licensing requirements of the State of Missouri and the width regulations. Also, you asked if the answer to the questions raised would be different if the vehicle were towed by a vehicle other than a farm tractor, such as a pickup truck.
In reviewing the description of the vehicle in question as well as the photographs provided, it is apparent that the "heavy-doo-dee brand bale transporter" is a two-wheeled farm wagon designed specifically for carrying large round hay bales. It can be towed behind a farm tractor or any other motor vehicle with a trailer hitch. It is seventeen feet long and equipped with telescoping arms which can be extended to make the vehicle 122 inches wide. The vehicle is designed in this manner so that the arms can be extended to carry large hay bales. When the arms are not extended, the vehicle is only ninety-four inches wide.
Section 301.020, RSMo 1978, requires every owner of a motor vehicle or trailer which shall be operated or driven upon the highways of this state (with certain exemptions which are not relevant here) to annually register that vehicle with the Director of Revenue and pay a license fee. The term "trailer" is defined in § 301.010(33), H.B. Nos. 995 and 1051, 80th General Assembly, presently effective, as "any vehicle without motive power designed for carrying property or passengers on its own structure and for being drawn by self-propelled vehicle . . . ." However, the term "vehicle" is defined in § 301.010(36) as "any mechanical device on wheels, designed primarily for use on highways . . . ." Therefore, in order to be subject to the licensing requirements of Missouri law, the "heavy-doo-dee brand bale transporter" would have to be a vehicle designed primarily for use on the highways. In our opinion, it is not so designed. Although obviously capable of being operated on the highways and intended for such use occasionally for short distances, this vehicle is a highly specialized farm wagon designed for the purpose of moving large round hay bales from hay fields to places of storage, or from places of storage to feed lots. Its primary function appears to be agricultural and its use of the highways is intended to be incidental.
For the same reason, such a vehicle is exempt from the width restrictions contained in § 304.170, S.B. No. 508, 80th General Assembly, presently effective. Although subsection one of that section prohibits the operation of any vehicles wider than ninety-six inches upon the highways of this state, subsection 7 (1) exempts from these restrictions the occasional operation of agricultural implements for short distances. In our opinion, the "heavy-doo-dee brand bale transporter" constitutes an agricultural implement. As such, its occasional use upon the highways of this state for short distances with arms fully extended to accommodate large hay bales would not constitute a violation of the width regulations in § 304.170.
The character of the towing vehicle does not require a different answer. If an agricultural implement is designed primarily for agricultural purposes, and in conjunction therewith is only used occasionally upon the highways of this state, the fact that it is towed by a pickup truck or other motor vehicle has no bearing on the question of whether the vehicle is exempt from licensing requirements and width regulations. Obviously, extensive use of the highways by such a vehicle being towed behind a pickup truck for long distances might discredit the claim of the manufacturer that said vehicle is designed for agricultural purposes and not for use on the highways. However, this is a factual determination which cannot be undertaken by this office. From the materials supplied to us, it appears that the "heavy-doo-dee brand bale transporter" is a farm implement and thereby exempt from licensing or width regulations when operated on the highways of this state.
Very truly yours,
 JOHN ASHCROFT Attorney General